IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Milton Boggs, II, | Case No. 3:13 CV 837 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| Ms. Cain, et al., | JUDGE JACK ZOUHARY |
| Defendants. | |

## INTRODUCTION

Pro se Plaintiff Milton Boggs, II filed this action against Toledo Correctional Institution ("TCI") Health Care Administrator Alice Cain and Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Mona Parks. Plaintiff alleges Defendants failed to provide him with proper medical treatment in violation of the Eighth Amendment. He seeks monetary relief.

Plaintiff also filed a Motion for Appointment of Counsel (Doc. 3) and a Motion to Compel Discovery (Doc. 4). A previous lawsuit filed by Plaintiff raising nearly identical factual and legal claims was summarily dismissed without prejudice by this Court in January 2013. *Boggs v. Cain*, Case No. 3:12 CV 2458. Petitioner now attaches supporting documents to the new Petition. This case is dismissed with prejudice for the reasons stated below.

## BACKGROUND

Plaintiff is a state prisoner incarcerated at TCI. He alleges he injured his back when he was a pre-trial detainee at the Summit County Jail. After his transfer to TCI, Plaintiff's back pain increased and caused intense discomfort, restricting him from being able to stand for appreciable periods of time. He received an increased dosage of psychiatric medicine for pain relief and to help

him sleep. A doctor at the institution told Plaintiff three times that arthritis was the cause and that he should buy Tylenol at the commissary. Defendant Parks encouraged Plaintiff to keep in contact with TCI medical staff. Plaintiff objected to having a $2 fee removed from his prison account to receive medical services. He asserts Defendants' conduct violates his right under the Eighth Amendment not to be subjected to cruel and unusual punishment.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing

a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Plaintiff again asserts that Defendants violated his Eighth Amendment rights when they failed to provide him with proper medical treatment. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. This Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983.

To set forth a cognizable Section 1983 claim, Plaintiff must establish: (1) he was deprived of a right secured by the Constitution or the laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a Section 1983 claim, that claim must fail. *Simescu*, 942 F.3d at 375.

**Official Capacity Claims**

Plaintiff's claims against Defendants Cain and Parks in their official capacities are dismissed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Cain and Parks are employed by TCI and the ODRC, and therefore Plaintiff's official capacity claims against these Defendants are construed against the State of Ohio.

The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity. *Lantham v. Office of Atty. Gen. of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Alternatively, a plaintiff may sue a state for damages in federal court if the

3

case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996).

In this case, the State of Ohio has not waived its sovereign immunity. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). In addition, the Supreme Court has held the federal statute invoked in this case, 42 U.S.C. § 1983, was not intended to abrogate a state's Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989). Because the Eleventh Amendment bars suits for monetary damages against state employees sued in their official capacities, Plaintiff's official capacity claims against Cain and Parks are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

Finally, the Supreme Court has held a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for purposes of a Section 1983 claim. *See Will*, 491 U.S. at 71. Consequently, Plaintiff also fails to state claims for monetary damages against Defendants under Section 1983.

Accordingly, Plaintiff's official capacity claims against Cain and Parks are dismissed. This Court now turns to Plaintiff's individual capacity claims against Defendants for Eighth Amendment violations.

**Eighth Amendment Claims**

Plaintiff alleges Cain and Parks violated his Eighth Amendment rights because they failed to provide him proper medical treatment for back and bowel problems. Specifically, Plaintiff alleges Defendants prescribed psychiatric medications rather than addressing his underlying medical problems. He also claims Defendants failed to properly address pain from his underlying medical conditions by requiring him to purchase medication from the prison commissary.

4

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* at 103. In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment.

First, a plaintiff must plead facts which, if true, establish a "sufficiently serious medical need." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). In essence, a prisoner must demonstrate conditions that pose "a substantial risk of serious harm." *Reilly*, 680 F.3d at 624.

Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Id.* Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even assuming Plaintiff's conditions are "sufficiently serious" under the above test, this Court finds he has not set forth allegations reasonably suggesting deliberate indifference to his serious medical needs. Plaintiff alleges Defendants are mistreating him because they continue to prescribe psychiatric medications rather than properly treating his underlying physical ailments, and that he

5

suffers side effects from the medicine. As the Supreme Court has explained, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105. Rather, in order to state a cognizable claim, Plaintiff must "allege acts or omissions sufficiently harmful to evidence *deliberate indifference* to serious medical needs." *Id.* (emphasis added). Deliberate indifference may be established by a "'showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment.'" *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Under this analysis, "grossly inadequate medical care" consists of medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). The relevant inquiry in determining whether a defendant provided grossly inadequate medical care is whether "a reasonable doctor . . . could have concluded his actions were lawful." *Id.* Given the foregoing required elements, the Complaint simply does not set forth allegations rising to the level of an Eighth Amendment violation based on deliberate indifference to serious medical needs.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Motion for Appointment of Counsel (Doc. 3) and Motion to Compel Discovery (Doc. 4) are denied. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 24, 2013